Michael P. Kelly (11227280)
*The Law Offices of Michael P. Kelly*
P.O. Box 150589
Dallas, TX 75315
OFC: 214.821-7255
FAX: 214.821-7251
ATTORNEY FOR PLAINTIFFS
IN ADVERSARY PROCEEDING

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: § <br> § <br> GRAHAM ENTERTAINMENT § <br> COMPLEX, INC. d/b/a GRAHAM § <br> CENTRAL STATION § <br> DEBTOR § <br> § | | CASE NO. NO. 09-30211 lmc <br><br> CHAPTER 7 |
| Juan Montoya, Individually and § <br> as the Personal Representative of § <br> the Estate of Lily Montoya, Deceased; § <br> Monica Montoya; Individually § <br> and as an adult child of Lily § <br> Montoya; and Gina Montoya, § <br> Ernesto Montoya, and § <br> Juan Montoya, Jr., Children; § <br> and Rosenda Cordero, Individually, § <br> § <br> Plaintiffs, <br> vs. § <br> § <br> GRAHAM ENTERTAINMENT, § <br> COMPLEX STATION, INC., d/b/a § <br> Graham's Central Station, § <br> § <br> and § <br> § <br> GRAHAM'S CENTRAL STATION, INC., § <br> d/b/a Graham's Central Station, § <br> § <br> Defendants. § | | ADVERSARY PROCEEDING <br> No. _____ <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **JURY TRIAL REQUESTED** |

Complaint　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1

## COMPLAINT

TO THE HONORABLE BANKRUPTCY JUDGE:

COME NOW, Juan Montoya, Individually and as the Personal Representative of the Estate of Lily Montoya, Deceased; Monica Montoya; Individually and as an adult child of Lily Montoya; and Gina Montoya, Ernesto Montoya, and Juan Montoya, Jr., Children; and Rosenda Cordero, Individually, collectively Plaintiffs, complaining of GRAHAM BROTHERS COMPLEX, INC. d/b/a Graham's Central Station, and GRAHAM'S CENTRAL STATION, INC., d/b/a Graham's Central Station, collectively referred to as "Graham's" and "Defendants" and file this Complaint and in support thereof would respectfully show as follows:

### PARTIES

1. The Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code (the "Code") on December 5, 2008 (the "Petition Date"), in the United States Bankruptcy Court for the Western District of Texas, Midland/Odessa Division.

2. The matter was converted to Chapter 7 on or about January 6, 2009. Subsequently, this matter was transferred to the El Paso Division on or about February 6, 2009.

3. Defendant, GRAHAM'S CENTRAL STATION INC., is a Texas corporation authorized to do business in the State of Texas and may be served summons citation by serving its registered agent, MARK D. THREADGILL, at 6999 E. BUSINESS 1-20, ODESSA, TX.

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §157 and §1334. This is a non-core proceeding under 28 U.S.C. §157.

## VENUE

5. Venue is proper in this Court under 28 U.S.C. §1409.

## FACTS

6. On or about May 12, 2007, at approximately 2:05 a.m., Plaintiffs, Lily Montoya, Deceased, Monica Montoya and Rosenda Cordero were in the process of backing out of, and departing, the Montoya's residence located at the 2000 Block of Trawood Drive, El Paso, Texas, with Rosenda Cordero a passenger in the back seat of the 2001 Isuzu Rodeo Pickup truck. The Decedent, Lily Montoya, was seated in the front passenger seat. Prior to this time Lily Montoya, Deceased, and her daughter and niece, Monica Montoya and Rosenda Cordero, respectively, were making corsages for Mother's Day events later that day.

7. Prior to 2:05 a.m., Rosalio Vera Rosales ["Rosales"] had been a customer at Graham's Central Station, a business owned, operated and/or controlled by the Defendants, and was served several alcoholic beverages by providers' employees. Hours after the time of the incident, Rosales' blood-alcohol content was .12 grams of alcohol per 100 milliliters.

8. Upon information and belief, Rosales, prior to being served by Defendants' employees and/or agents, was visibly and/or obviously intoxicated and exhibited signs of intoxication which should have been noticed by Defendants' employees.

9. Moments before the crash involving a fatality, Rosales left the Defendants' establishment after closing time.

10. Shortly after leaving the Defendants' establishment, Rosales jumped into his 2 door, 2004 Black Pontiac GTO and proceeded westbound on Trawood Avenue after he was observed in the Defendants' parking lot driving erratically. The speed limit on Trawood Drive was 35 m.p.h.

11. Rosales' vehicle was driving at excessive speeds when he struck a vehicle being driven by a third party named, Vasquez. Mr. Vaquez' vehicle was side-swiped by Rosales on Trawood Avenue at or near the 2200 Block. Rosales then struck the Montoya vehicle while his vehicle was traveling in excess of 80 m.p.h. at or near the 2000 Block of Trawood Drive.

12. The Deceased, Lily Montoya, died as the direct result of the collision. Further, Plaintiffs, Monica Montoya and Rosenda Cordero, suffered life-threatening and/or serious physical injuries which required additional medical treatment.

13. The aforementioned incident and intoxication of Rosales, and the resulting damages, were proximately caused by the Defendants.

## CLAIMS FOR RELIEF

### Texas Dram Shop

14. Plaintiffs incorporate paragraphs 1 through 13 above.

15. Defendants, licensed providers of alcoholic beverages, sold an alcoholic beverage[s] to Rosales, the recipient who was an adult. When Defendants provided the alcoholic beverage[s] to Rosales, it was apparent to Defendants that Rosales was visibly and/or obviously intoxicated and presented a clear danger to himself and others. Plaintiffs

will show that the acts and/or omissions of Defendants, acting by and through their duly authorized officers, agents, and employees, constituted violations of the Texas Dram Shop Act contained in the Texas Alcoholic Beverage Code. Plaintiffs will further show that Rosales' intoxication, and/or the acts and/or omissions of the Defendants, was the direct and proximate causes of the injuries sustained by Plaintiffs.

### Survival Action

16. Plaintiffs incorporate paragraphs 1 through 15 above. The Plaintiff, Juan Montoya, is the legal representative of Lily Montoya's estate.

17. The decedent had a cause of action for personal injury to her health, before her death.

18. The decedent would have been entitled to bring an action for the injury if she had lived.

19. The Defendants' wrongful acts caused the decedent's injury.

### Wrongful Death

20. Plaintiffs incorporate paragraphs 1 through 19 above.

21. The Plaintiffs are the statutory beneficiary of the decedent.

22. The Defendants are a corporation or person.

23. The Defendants wrongful acts caused the death of the decedent.

24. The decedent would have been entitled to bring an action for the injury if she had lived.

25. The Defendants' wrongful act caused the decedent's injury.

### Joint Enterprise/Vicarious Liability

26. Plaintiffs incorporate paragraphs 1 through 25 above.

27. The Defendants had an agreement, expressed and/or implied, for a common purpose to run and operate Graham's Central Station in El Paso, Texas. The Defendants had business or pecuniary interests in the activities of each other and Graham's Central Station. Their interests in these activities were shared without special or distinguishing characteristics. Each Defendant had an equal right to control the direction of the enterprise.

28. Additionally, Defendant, Graham's Central Station, Inc., was so closely connected to Defendant Graham Entertainment, Complex, Inc., to warrant the imposition of vicarious liability.

### Alter Ego

29. Plaintiffs incorporate paragraphs 1 through 28 above.

30. Defendant, Graham Entertainment Complex, Inc., was organized and operated as a mere tool or business conduit of Defendant, Graham's Central Station, Inc., which said arrangement has been used as part of an unfair device to achieve an inequitable result.

### Partnership

31. Plaintiffs incorporate paragraphs 1 through 30 above.

32. A partnership was formed by and between the Defendants. As such, Defendant Graham's Central Station is liable for the debts of the Debtor owned to the Plaintiffs given the participation in control of the business of the Debtor; and the contribution or agreement to contribute money or property to the Debtor's business.

## DAMAGES

33. Plaintiffs incorporate paragraphs 1 through 32 above.

34. Plaintiffs pray for all the relief to which they may show themselves justly entitled, which includes the following:

    a. Medical expenses in the past;

    b. Medical expenses in the future;

    c. Pain and suffering in the past;

    d. Pain and suffering in the future;

    e. Mental anguish in the past;

    f. Mental anguish in the future;

    g. Loss of consortium;

    h. Loss of companionship and society;

    i. Loss of enjoyment of life in the future;

    j. Loss of enjoyment of life in the past

    k. Funeral expenses;

    l. Disfigurement;

    m. Physical impairment;

    n. Lost wages, past;

    o. Loss of future earning capacity; and

    p. Exemplary damages.

## JURY DEMAND

25. Plaintiff respectfully requests a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the summons issue and be served in a form or manner required by law, requiring the Defendants to appear and answer herein; that upon final hearing hereof, Plaintiffs have judgment against Defendant, <u>jointly and severally</u>, for the damages hereto above stated, for all pre-judgment interest as provided by law thereon, for interest on said judgment at the highest legal rate, all costs of court incurred, and for all such other and further relief, both general and special, legal and equitable, to which Plaintiff is justly entitled to receive.

Respectfully submitted,

THE LAW OFFICES OF MICHAEL P. KELLY

By:   /s/MICHAEL P. KELLY
      Michael P. Kelly
State Bar No. 11227280

P.O. Box 150589
4024 Elm Street, Suite A
Dallas, Texas 75315-0589
Telephone: (214) 821-7255
Telecopier: (214) 821-7251
**ATTORNEY FOR PLAINTIFFS**