## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| Juan Montoya, Individually and as the Personal Representative of the Estate of Lily Montoya, Deceased; Monica Montoya; Individually and as an adult child of Lily Montoya; and Gina Montoya, Ernesto Montoya, and Juan Montoya, Jr., Children; and Rosenda Cordero, Individually, | § § § § § § § § § § § § | |
| Plaintiffs, | § § | |
| vs. | § | **CASE NO. EP-09-CV-392-KC** |
| GRAHAM ENTERTAINMENT, COMPLEX STATION, INC., d/b/a Graham's Central Station, | § § § § | |
| and | § § | |
| GRAHAM'S CENTRAL STATION, INC., d/b/a Graham's Central Station, | § § § | |
| Defendants. | § § | |

## JOINT MEMORANDUM

**COMES NOW** Plaintiffs and Defendants submit this Joint Memorandum as required by the Order signed on March 3, 2010 and states as follows:

(1)    Date Complaint filed: May 11, 2009

(2)    Date Complaint Served: September 8, 2009

(3)    Date of Defendant's Appearance: October 01, 2009

(4)    Pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16, a conference was held by telephone on March 16, 2010. The participants were:

Michael P. Kelly, Attorney for Plaintiffs.

Josh Davis, Attorney for Defendants.

## I. Certification

Undersigned counsel certify that, after consideration with their clients, they have discussed the nature and basis on the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsels further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

A. <u>Subject matter Jurisdiction</u>

This Court has jurisdiction over the subject matter of this Complaint under 28

U.S.C. §157. This is a non-core proceeding under 28 U.S.C. §157.[1]

B. <u>Personal Jurisdiction</u>. Personal jurisdiction is not contested.

## III. Brief Description of Case

A. **Claims of Plaintiffs:** On or about May 12, 2007, at approximately 2:05 a.m.,

Plaintiffs, Lily Montoya, Deceased, Monica Montoya and Rosenda Cordero, were in the

process of backing out of, and departing, the Montoya's residence located at the 2000

Block of Trawood Drive, El Paso, Texas. Rosenda Cordero was a passenger in the back

seat of the 2001 Isuzu Rodeo Pickup truck. The Decedent, Lily Montoya, was seated in

the front passenger seat. Prior to this time, Lily Montoya, Deceased, her daughter and

niece, Monica Montoya and Rosenda Cordero, respectively, were making corsages for

Mother's Day events later that day.

---

[1] Although the bankruptcy court initially had jurisdiction of this matter, the bankruptcy court ruled it did not have judicial power to hear the adversary proceeding and ordered the parties to withdraw the reference. *See Document #11 of the bankruptcy proceeding –Bankruptcy No. 09-30211-Chap.7 and Adversary Proceeding No. 09-03007.* However, the parties seek clarification and direction from this Court regarding their obligations to the bankruptcy court pending the outcome of this matter as the parties have participated in various filings in the bankruptcy court and adversary proceeding since withdrawal of the reference occurred.

Prior to 2:05 a.m., Rosalio Vera Rosales ["Rosales"] had been a customer at Graham's Central Station, a business owned, managed, operated and/or controlled by the Defendants, and was served several alcoholic beverages by providers' employees. Rosales was so intoxicated that hours after the time of the incident, Rosales' blood-alcohol content was .12 grams of alcohol per 100 milliliters.

Plaintiffs allege that Rosales, prior to being served by Defendants' employees and/or agents, was visibly and/or obviously intoxicated and exhibited signs of intoxication which should have been noticed by Defendants' employees. Moments before the crash involving a fatality, Rosales left the Defendants' establishment after closing time.

Shortly after leaving the Defendants' establishment, Rosales drove his 2 door, 2004 Black Pontiac GTO and proceeded westbound on Trawood Avenue after he was observed in the Defendants' parking lot driving erratically. The speed limit on Trawood Drive was 35 m.p.h.

Rosales' vehicle was driving at excessive speeds when he struck a vehicle being driven by a third party named, Vasquez. Mr. Vaquez' vehicle was side-swiped by Rosales on Trawood Avenue at or near the 2200 Block. Rosales thereafter then struck the Montoya vehicle while his vehicle was traveling in excess of 80 m.p.h. at or near the 2000 Block of Trawood Drive.

The Deceased, Lily Montoya, died as the direct result of the collision. Further, Plaintiffs, Monica Montoya and Rosenda Cordero, suffered life-threatening and/or serious physical injuries which required medical treatment. The aforementioned incident

and intoxication of Rosales, and the resulting damages, were proximately caused by the Defendants.

The Defendants had an agreement, expressed and/or implied, for a common purpose to run and operate Graham's Central Station in El Paso, Texas. The Defendants had business or pecuniary interests in the activities of each other and Graham's Central Station. Their interests in these activities were shared without special or distinguishing characteristics. Each Defendant had an equal right to control the direction of the enterprise. Defendant, Graham's Central Station, Inc., was so closely connected to Defendant Graham Entertainment, Complex, Inc., to warrant the imposition of vicarious liability. Further, Defendant, Graham Entertainment Complex, Inc., was organized and operated as a mere tool or business conduit of Defendant, Graham's Central Station, Inc., which said arrangement has been used as part of an unfair device to achieve an inequitable result. Still more, a partnership was formed by and between the Defendants.

As such, Defendant Graham's Central Station is liable for the debts of the Debtor owned to the Plaintiffs given the participation in control of the business of the Debtor; and the contribution or agreement to contribute money or property to the Debtor's business.

B. Defenses and Claims of Defendants:

**Defendant's Statement**:

Defendant disputes that Mr. Rosales was a patron of or was consuming alcohol at Graham Central Station. Should evidence establish Mr. Rosales' patronage of Graham Central Station, Defendant would also dispute that Mr. Rosales was exhibiting evidence of obvious intoxication while a patron of Graham Central Station. Additionally, evidence will show all of Graham Central Station's alcohol servers on duty the night of the

incident where certified by the Texas Alcoholic Beverage Commission and thus the Safe Harbor defense is available to Defendants.

Additionally, evidence will show that Plaintiff, Monica Montoya failed to operate her vehicle in a safe manner, particularly by failing to yield the right of way which caused and/or contributed to the automobile accident. Further, Responsible Third Party, Rosalio Rosales, was operating his vehicle in an intoxicated state and was exceeding the speed limit when the accident occurred. As such, Mr. Rosales contributed to and/or caused the accident in question and damages allegedly sustained by plaintiffs.

When a federal court is presented with state law claims pursuant to its supplemental jurisdiction, "the court will follow the conflict of laws rules of the forum state." *Snow v. WRS Group, Inc.*, 73 Fed.Appx. 2, 5 (5th Cir. 2003). As this federal court sits in Texas, Texas conflict of law rules apply. Texas uses the "most significant relationship" test to determine which state's law should govern. Id. Since all of the actions giving rise to this action occur in El Paso, TX it is clear that Texas law has the most significant relationship to Plaintiffs' claims against Graham Central Station, and thus, Texas substantive law will apply.

"The Dram Shop Act in Texas provides the exclusive basis for the civil liability of commercial providers of alcohol who provide, sell, or serve an alcoholic beverage to an adult who is obviously intoxicated." *Gonzalez v. South Dallas Club*, 951 S.W.2d 72, 76 (Tex. App.—Corpus Christi 1997) (citing TEX. ALCO. BEV. CODE § 2.03 (Vernon 1995)). The Texas Supreme Court outlined its elements as follows:

> Section 2.02 of the Alcoholic Beverage Code sets forth the scope and elements of this action:
>
> (a)    This chapter does not affect the right of any person to bring a
>        common law cause of action against any individual whose

consumption of an alcoholic beverage allegedly resulted in causing the person bringing the suit to suffer personal injury or property damage.

(b)     Providing, selling, or serving an alcoholic beverage may be made the basis of a statutory cause of action under this chapter and may be made the basis of a revocation proceeding under section 6.01(b) of this code upon proof that:

   (1)     *at the time the provision occurred it was apparent to the provider* that the individual being sold, served, or provided with an alcoholic beverage was *obviously intoxicated* to the extent that he presented a *clear danger* to himself and others; and

   (2)     the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered.

*F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683-84 (Tex. 2007) (citing Tex. Alco. Bev. Code § 2.02 (emphasis in original)). It is only after a plaintiff meets this "onerous burden of proof" that the provider may be liable for damages proximately caused by its employees or patrons. *Id.* at 684.

In addition to the "onerous burden of proof" necessary to establish a dram shop claim, the Texas Legislature also crafted an affirmative defense for commercial providers. "Section 106.14 of the Code, otherwise known as the safe harbor defense, provides that the actions of an employee regarding the sale, service, dispensing, or delivery of alcohol shall not be attributable to the employer if: (1) the employer requires its employees to attend a commission-approved seller training program; (2) the employee has actually attended such a training program; and (3) the employer has not directly or indirectly encouraged the employee to violate such law." *Parker v. 20801, Inc.*, 249 S.W. 3d 392, 394 (Tex. 2008) (citing TEX. ALCO. BEV. CODE ANN. § 106.14(a)-(c)).

Defendants assert that punitive damages are not recoverable against this Defendant because the Texas Dram Shop Act is the exclusive remedy and punitive damages are not recoverable under the Act. *See* TEX. ALCO. BEV. CODE ANN. §2.03

(Vernon 1987); *see* also *Steak & Ale of Texas, Inc. d/b/a Benningan's v. Borneman*, 62 S.W.3d 898, 910 (Tex. App.—Fort Worth 2002, no pet.).

    C. Defenses and Claims of Third Party Defendants:

Rosalio Rosales has been named a Responsible Third Party. Mr. Rosales has not been added as a Defendant or Third Party Defendant.

**IV. Statement of Undisputed Facts:**

Counsels certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state the following material facts are undisputed:

1.    Rosalio Vera Rosales, prior to the incident at issue, had consumed alcohol on May 12, 2007.

2.    At some time that evening, Rosales' vehicle struck a vehicle being driven by a third party named, Mr. Vasquez.

3.    Mr. Vaquez' vehicle was side-swiped by Rosales on Trawood Avenue at or near the 2200 Block.

4.    Rosales then struck the Montoya vehicle while his vehicle was traveling at or near the 2000 Block of Trawood Drive.

5.    On or about May 12, 2007, at approximately 2:05 a.m., Plaintiffs, Lily Montoya, Deceased, Monica Montoya and Rosenda Cordero were in the process of backing out of, and departing, the Montoya's residence located at the 2000 Block of Trawood Drive, El Paso, Texas, with Rosenda Cordero a passenger in the back seat of the 2001 Isuzu Rodeo Pickup truck.

6.      The Decedent, Lily Montoya, was seated in the front passenger seat. Prior to this time Lily Montoya, Deceased, and her daughter and niece, Monica Montoya and Rosenda Cordero, respectively, were making corsages for Mother's Day events later that day.

7.      The Deceased, Lily Montoya, died as the direct result of the collision. Further, Plaintiffs, Monica Montoya and Rosenda Cordero, suffered life-threatening and/or serious physical injuries which required they receive medical treatment.

**V. Case Management Plan:**

A. Standing Order on Pretrial Deadlines

The parties request do not request modification of the deadlines in the Standing order on Pretrial
Deadlines as follows:

B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P 16(b). The parties prefer a conference by telephone.

C. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the
case before undertaking significant discovery or motion practice. Settlement is unlikely.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference with the Magistrate judge.

D. Joinder of Parties and Amendment of Pleadings

1. Plaintiffs should be allowed until **June 7, 2010** to file motions to join additional parties and until June 7, 2010 to file motions to amend the pleadings.

2. Defendants should be allowed until **June 28, 2010** to file motions to join additional parties and until **June 28, 2010** to file a response to the complaint.

E. Discovery

1. The parties anticipate that discovery will be needed on the following subjects:

2. All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P.26(b)(4), will be commenced by **March 29, 2010** and completed by **December 3, 2010.**

3. Discovery will not be conducted in phases.

4. Discovery will be completed by **December 3, 2010**.

5. The parties anticipate that the plaintiff will require a total of 8 depositions of fact witnesses and that the defendants will require a total of 10 depositions of fact witnesses. The depositions will commence by **May 19, 2010** and be completed by **December 3, 2010.**

6. The parties will not request permission to serve more than 25 interrogatories.

7. Plaintiffs intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P.26(a)(2) by **September 3, 2010**.  Depositions of any such experts will be completed by **October 4, 2010**.

8. Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P.26(a)(2) by **October 4, 2010**.  Depositions of any such experts will be completed by **November 3, 2010.**

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **September 3, 2010.**

F. Dispositive Motions:

Dispositive Motion will be filed on or before **January 17, 2011**.

## VI. TRIAL READINESS

The case will be ready for trial by **March 28, 2011**.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Signed on the _____ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

/s/ MICHAEL P. KELLY
Michael P. Kelly
TBN 11227280
P.O. Box 150589
4024 Elm Street, Suite A
Dallas, Texas 75315
Telephone: (214) 821-7255
Facsimile: (214) 821-7251
E-Mail: mptkelly@sbcglobal.net

EBANKS·TAYLOR·HORNE·L.L.P.

JOSH K. DAVIS
TEXAS BAR NO.: 24031993
TORY F. TAYLOR
SBN: 24008131
D. DOUGLAS MENA
SBN: 24054982

1301 McKinney, Suite 2700
Houston, Texas 77010
Telephone:  (713) 333-4500
Facsimile:  (713) 333-4600
ttaylor@ethlaw.com
jdavis@ethlaw.com

-10-